UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDUARDO JACOBS,

        Plaintiff,        CASE NO. 15-10516
                                  HON. DENISE PAGE HOOD

v.

RAYMON ALAM, *et al.*,

        Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [#130; # 133]

**I.    BACKGROUND**

This matter is now before the Court on Defendants Ramon Alam ("Alam") and David Weinman's ("Weinman") (collectively, "Defendants") Motion for Reconsideration pursuant to E.D. Mich. L.R. 7.1(h) and Fed. R. Civ. P. 59(e), filed on September 5, 2017. (Doc # 130) Defendants Damon Kimbrough ("Kimbrough") and Michael Knox ("Knox") filed a Concurrence and Joinder in their co-Defendants' present Motion. (Doc # 133) On November 13, 2015, this Court entered an Order Granting Defendants' Motion for Summary Judgment on Count II, and dismissed Count II of the First Amended Complaint. (Doc # 37) On August 23, 2017, this Court entered an Order denying Defendants' Motions for Summary Judgment on Plaintiff Eduardo Jacobs's ("Jacobs") *Bivens* claim (Count

1

I) for excessive force, fabrication of evidence, civil conspiracy, false arrest, and malicious prosecution against Alam; Jacobs's *Bivens* claim for fabrication of evidence and civil conspiracy against Weinman; and Jacobs's *Bivens* claim for excessive force, fabrication of evidence, civil conspiracy, false arrest, and malicious prosecution against Kimbrough. (Doc # 125) The Court granted Defendant Knox's summary judgment motion regarding all of Jacobs's claims against him, and dismissed Knox from this action. (*Id.*) Defendants now seek reconsideration of the August 23, 2017 Order regarding the aforementioned *Bivens* claims. For the reasons set forth below, Defendants' Motion for Reconsideration is DENIED.

## II. ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A Rule 59(e) motion may be granted (1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A district court has the authority to equate a Rule 59(e) motion with a timely filed motion for reconsideration. *See United States v. Savage*, 99 F. App'x 583, 584-85 (6th Cir. 2004) (holding district

court has discretion to equate motions for reconsideration with Federal Rule of Civil Procedure 59(e) motions).

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon are permitted unless the Court orders otherwise. *Id.* at 7.1(h)(2). Defendants' Motion is timely filed.

Local Rule 7.1 further states:

> **(3) Grounds.** Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*Id.* at 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (motions under Fed. R. Civ. P. 59(e) "are aimed at *re* consideration, not initial consideration") (citing *FDIC v. World Universal Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

**B. Palpable Defect**

Defendants assert that two recent decisions from the Supreme Court—*Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), and *Hernandez v. Mesa*, 137 S. Ct. 2003 (2017)–mandate that this Court determine whether *Bivens* can be extended to cover the constitutional torts of excessive force, false arrest, malicious prosecution, fabrication of evidence, and civil conspiracy, before ruling on Defendants' Motions for Summary Judgment. Defendants' assertion is reliant upon their contention that "no binding precedent from the Supreme Court or the Sixth Circuit has held that *Bivens* recognizes" those torts. (Doc # 130, Pg ID 6) Defendants argue that this Court's failure to treat the alleged *Bivens* violations as "new" *Bivens* claims was a palpable defect in light of the Supreme Court's recent decisions. This Court disagrees.

In *Abbasi*, the issue was whether *Bivens* could allow Fourth, Fifth, and Eight Amendment claims brought by alien detainees–as a means to investigate the events surrounding the September 11, 2001 attacks–against high ranking officials from the executive branch and a federal prison. Before evaluating an alleged *Bivens* claim, a court must first determine (1) whether the case presents a new *Bivens* context, and if so, (2) whether there are "special factors counseling hesitation in the absence of affirmative action by Congress." *Abbasi*, 137 S. Ct. at 1857 (citations omitted). The Supreme Court established the test for determining whether a claim

4

arises under a new *Bivens* action. *Id.* at 1864. A court should determine whether the "case is different in a *meaningful way* from previous *Bivens* cases decided by [the Supreme Court]." *Id.* at 1860 (emphasis added) (citation omitted). The Supreme Court also identified a number of "meaningful differences" that may create a new *Bivens* context. *Id.*[1]

In *Hernandez*, the issue was whether *Bivens* extended to Fourth and Fifth Amendment claims brought by the parents of a Mexican national who was shot and killed while standing on Mexican soil, by a U.S. Border Patrol agent standing on United States soil. The Supreme Court remanded the case, instructing the Fifth Circuit to consider how the reasoning and analysis in *Abbassi* would bear on the *Bivens* issue in the first instance. *Hernandez*, 137 S. Ct. at 2006-08.

Defendants are correct that *Abbasi* and *Hernandez* instruct federal courts to consider whether "new" *Bivens* claims should be created in cases where the Supreme Court has not already authorized the cause of action. Defendants erroneously assert, however, that there is no binding Sixth Circuit precedent recognizing the torts alleged in the current suit. To the contrary, there is Sixth Circuit precedent recognizing every *Bivens* context in question. *See, e.g.*, *Webb v.*

---

[1] *The Supreme Court created a non-exhaustive list of potential "meaningful differences" including: (1) the rank of the government officer involved; (2) the constitutional right at issue; (3) the generality or specificity of the officer action; (4) judicial guidance as to how the officer should address the issue; (5) the legal authority under which the officer was acting; (6) the risk of intrusion by the Judiciary into the other branches of government (the separation of powers); or (7) the presence of potential "special factors." Ziglar v. Abbasi, 137 S. Ct. 1843, 1860 (2017).*

5

*United States*, 789 F.3d 647, 659-60, 666-72 (6th Cir. 2015) (discussing the merits of *Bivens* actions for malicious prosecution, false arrest, fabrication of evidence, and civil conspiracy); *Robertson v. Lucas*, 753 F.3d 606, 618 (6th Cir. 2014) (discussing merits of *Bivens* action for false arrest); *Burley v. Gagacki*, 729 F.3d 610, 621 (6th Cir. 2013) (explaining plaintiff's burden on motion for summary judgment in *Bivens* action for excessive force).

Defendants essentially argue that this Court should reevaluate settled law of the Sixth Circuit in light of two cases that involve *Bivens* contexts that were both unprecedented and distinct from the law enforcement context present in the current case. Sixth Circuit precedent is binding on this Court. Defendants also fail to acknowledge the Supreme Court's statements regarding settled *Bivens* law. Writing for the Court, Justice Kennedy explained, "The settled law of *Bivens* in this common and recurrent sphere of law enforcement, and the undoubted reliance upon it as a fixed principle in the law, are powerful reasons to retain it in that sphere." *Abbasi*, 137 S. Ct. at 1857. The Supreme Court cautioned against *expanding* the reach of *Bivens*, not calling into question its existing scope.

Defendants alternatively request that this Court reconsider its evaluation of the undisputed facts on the record. Defendants, however, have not identified any palpable error that misled this Court. This Court notes that Defendants have attempted to raise new arguments in their Motion for Reconsideration regarding (1)

Jacobs's malicious prosecution claim against Alam, and (2) Jacobs's fabrication of evidence and conspiracy claims against Alam and Weinman. This Court declines to consider these arguments as they fail to raise a palpable defect. Defendants have not met their burden on a Motion for Reconsideration. Defendants' Motion for Reconsideration is DENIED.

**III. CONCLUSION**

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendants Ramon Alam and Dave Weinman's Motion for Reconsideration (Doc # 130) is **DENIED**.

IT IS FURTHER ORDERED that Defendants Damon Kimbrough and Michael Knox's Motion for Reconsideration (Doc # 133) concurring and joining in their co-Defendants' Motion (Doc # 130) is **DENIED**.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: January 19, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 19, 2018, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager