UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDUARDO JACOBS,

        Plaintiff,        CASE NO. 15-10516
                                        HON. DENISE PAGE HOOD

v.

RAYMON ALAM, *et al.*,

        Defendants.

                                    /

## **ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE *BIVENS* CONSPIRACY CLAIM [#167]**

### **I.    BACKGROUND**

This matter is now before the Court on Defendants Ramon Alam, David Weinman, and Damon Kimbrough's (collectively, "Defendants") Motion for Judgment on the Pleadings or Summary Judgment pursuant to Fed. R. of Civ. P. 12(c) and 56 filed on July 23, 2019. [ECF No. 167] On November 13, 2015, this Court entered an Order Granting Defendants' Motion for Summary Judgment on Count II and dismissed Count II of the First Amended Complaint. [ECF No. 37] On August 23, 2017, this Court entered an Order denying Defendants' Motions for Summary Judgment on Plaintiff Eduardo Jacobs's ("Plaintiff") *Bivens* claim (Count I) for excessive force, fabrication of evidence, civil conspiracy, false arrest, and

1

malicious prosecution against Alam; Plaintiff's *Bivens* claim for fabrication of evidence and civil conspiracy against Weinman; and Plaintiff's *Bivens* claim for excessive force, fabrication of evidence, civil conspiracy, false arrest, and malicious prosecution against Kimbrough. [ECF No. 125] The Court granted Defendant Knox's summary judgment motion regarding all of Plaintiff's claims against him and dismissed Knox from this action. [*Id.*] On January 19, 2018, the Court denied Defendants' Motion for Reconsideration regarding their *Bivens* claims. [ECF No. 148] Defendants appealed this Court's ruling denying their Motion for Reconsideration. [ECF No. 151] On February 8, 2019, the 6th Circuit affirmed this Court's decision allowing Plaintiff's *Bivens* claims. [*Jacobs v. Alam*, 915 F.3d 1028, 1039 (6th Cir. 2019)] This matter is presently before the Court on Defendants' Motion to Dismiss the *Bivens* conspiracy claim in the First Amended Complaint. [ECF No. 167]

## II. ANALYSIS

**A. Standard of Review**

Federal Rule of Civil Procedure 12(c) authorizes parties to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings are analyzed under the same standard as motions to dismiss under Rule 12(b)(6). *Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010) (internal

citation and quotation marks omitted). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.*

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 550 U.S. at 562).

When deciding a Rule 12(c) motion for judgment on the pleadings, as a general rule, matters outside the pleadings may not be considered unless the motion is converted to one for summary judgment under Fed. R. Civ. P. 56. *See Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). The Court may, however, consider

"the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.* at 89.

**B. Intracorporate Conspiracy and *Jackson v. City of Cleveland***

Defendants assert that the Sixth Circuit's recent decision—*Jackson v. City of Cleveland*, 925 F.3d 793 (6th Cir. 2019)—mandates that this Court apply the intracorporate conspiracy doctrine to *Bivens* actions.

The intracorporate conspiracy doctrine states that if "all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy." *Id.* at 817 (quoting *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 840 (6th Cir. 1994)). The Sixth Circuit traditionally has applied the intracorporate conspiracy doctrine to 42 U.S.C. § 1985 cases. *See e.g.*, *id.* (discussing the Circuit's application of the intracorporate conspiracy doctrine to § 1985(3)). The Sixth Circuit further acknowledged that the doctrine should also apply to claims brought under 42 U.S.C. § 1983. *Id.* at 818.

Defendants argue that *Jackson's* result now precludes Plaintiff from asserting his civil conspiracy claims. Defendants argue that they were acting as one unit under the direction of the United States Marshals on the Detroit Fugitive Apprehension Team ("DFAT") and were "pursuing no task or mission on behalf of Wayne County

the night of the incident," and therefore, were working under the authority of the United States Marshals. [ECF No. 167, Pg.ID 5715] Defendants contend that under *Jackson*, the intracorporate conspiracy doctrine would apply to them as actors working as one organization. *Jackson*, 925 F.3d at 818 (holding that civil conspiracy charges could not be brought in a § 1983 action against employees of the same agency).

Defendants acknowledge that *Jackson* only involved a § 1983 claim but assert that the distinction between § 1983 and *Bivens* actions in the Sixth Circuit are "legally immaterial." [*Id.* at 5716] Defendants argue that the Sixth Circuit's practice of borrowing § 1983 case law to determine a *Bivens* cause of action leaves "no question" that the Sixth Circuit would extend *Jackson* to *Bivens* actions.[1] [*Id.*]

Plaintiff responds with two main arguments:[2] (1) Jackson only applies to § 1983 claims; and (2) that Defendants are not in the same department. Plaintiff is correct in asserting that *Jackson* did not mention *Bivens* once. Plaintiff further contends that even if, the Sixth Circuit concluded that the intracorporate conspiracy doctrine applies to a § 1983 claim, it did not take the additional step of applying it to *Bivens* claims.[3]

---

[1] The Court acknowledges Defendants' argument that the Sixth Circuit does traditionally apply its § 1983 jurisprudence to *Bivens* suits. However, Defendants have failed to cite any caselaw where the Sixth Circuit has explicitly extended its reasoning in *Jackson* to *Bivens* claims.
[2] Because the Court declines to extend *Jackson* to *Bivens* actions, the Court need not address Plaintiff's argument against retroactively applying *Jackson* to the instant case.
[3] Even Defendants acknowledge that the Sixth Circuit "almost always" borrows § 1983 caselaw for *Bivens* cases, implying that there may be situations when the Sixth Circuit declines to do so.

Plaintiff further argues that the intracorporate conspiracy doctrine is inapplicable because Defendants work for different departments, the Detroit Police Department and Wayne County Sheriff's Department. As Defendants assert, this Court dismissed Plaintiff's § 1983 claim on November 13, 2015 [ECF No. 37] because Plaintiff "failed to establish that any of the Defendants were state actors as required to sustain a § 1983 action." [ECF No. 37, Pg.ID 274] Defendants also submitted timesheets listing a supervisor from the USMS. Defendants argue that since they were effectively working as federal agents they should be treated as one unit for purposes of the intracorporate conspiracy doctrine.

The Sixth Circuit instructs that "the Intracorporate Conspiracy Doctrine, if applied too broadly, could immunize all private conspiracies from redress where the actors coincidentally were employees of the same company." *Johnson*, 40 F.3d at 840. Given the Sixth Circuit's guidance in *Johnson* and its decision not to explicitly apply *Jackson* to *Bivens* suits, this Court declines to apply the intracorporate conspiracy doctrine to *Bivens* claims. Defendants' Motion to Dismiss the civil conspiracy claim is DENIED.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss the *Bivens*

Conspiracy Claim [#167] is DENIED.

DATED: November 8, 2019

s/Denise Page Hood
DENISE PAGE HOOD
Chief Judge