UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDUARDO JACOBS,

        Plaintiff,        CASE NO. 15-10516
                                    HON. DENISE PAGE HOOD

v.

RAYMON ALAM, *et al.*,

        Defendants.
                                         /

## ORDER DENYING PLAINTIFF'S MOTIONS IN LIMINE [#185], [#186], and [#187]

**I.    BACKGROUND**

This case involves the events that occurred between Defendants and Plaintiff Eduardo Jacobs ("Plaintiff") during the raid at his residence located at 5837 Christiancy Street, Detroit, MI on January 3, 2014. The parties dispute many of the events leading up to Plaintiff's injury. However, it is undisputed that Plaintiff was shot at least one time from one of Defendants' bullets.

On July 27, 2015, Plaintiff filed an amended complaint alleging a *Bivens* Conspiracy Claim (Count I), and Violation of Civil Rights pursuant to 42 U.S.C. § 1983 (Count II). [ECF No. 25] On November 13, 2015, this Court entered an Order Granting Defendants' Motion for Summary Judgment on Count II, and

1

dismissed Count II of the First Amended Complaint. [ECF No. 37] The remaining claims are *Bivens* claims of excessive force, false arrest, malicious prosecution, fabrication of evidence, and civil conspiracy against Defendants.

Plaintiff alleges that the bullet wound he sustained resulted in his permanent inability to work, which caused a series of economic losses related to his rental properties, "Mexicantown Properties, LLC." Plaintiff further contends that his absence from work allowed employees of his company to loot his business assets. Plaintiff also alleges that his permanent disability forced several of his properties into tax foreclosure.

## II. ANALYSIS

### A. Plaintiff's Motion to Exclude Plaintiff's Previous Statements Made without the Advice of Counsel

Plaintiff's counsel seeks to exclude all evidence of various pleadings that Plaintiff made to the Court without the advice of counsel. The Court agrees with Defendants and finds that the statements are technically admissible as a statement of a "party opponent" under Federal Rule of Evidence 801(d)(2)(A). Since many of these statements include comments that jurors may find surprising, misleading, or offensive, there is reason to think the past statements may still be inadmissible under Rule 401 or 403. However, given Defendants' argument that the statements may be necessary to rebut Plaintiff's conspiracy claims, the Court reserves ruling

on the potential use of these statements until trial. Plaintiff's Motion to Exclude Plaintiff's Handwritten Statements is DENIED without prejudice.

### B. Plaintiff's Motion to Exclude Reference to Plaintiff's Previous Lawsuits

Plaintiff asks the Court to exclude any reference to Plaintiff's previous lawsuits because they could be unfairly prejudicial. Defendants argue that the lawsuits are admissible to show prior inconsistent statements and establish Plaintiff's credibility. Although the Court agrees that references to the previous lawsuits may be prejudicial, Defendants have listed several instances where referring to the previous lawsuits may be admissible. The Court cannot determine the prejudicial effect of mentioning Plaintiff's previous lawsuits until the trial develops. The Court DENIES without prejudice Plaintiff's Motion to Exclude Plaintiff's Prior Lawsuits pending more facts at trial. To prevent unfair prejudice to Plaintiff, Defendants will first raise the issue of past lawsuits with the Court outside the presence of the jury.

### C. Plaintiff's Motion to Exclude the testimony of Deceased Sergeant Abdella

Plaintiff seeks to exclude the testimony of now deceased Sergeant Abdella under Federal Rule of Evidence 403. Plaintiff argues that the testimony needs to be excluded because it is contradictory and prejudicial. Defendants argue that Sergeant Abdella's testimony meets the requirements of Federal Rule of Evidence

804. The Court finds that the requirements of Rule 804 are met. Sergeant Abdella is unavailable to testify and he provided testimony in a prior hearing under oath in which Plaintiff had an interest, motive, and opportunity to cross-examine Sergeant Abdella. The Court DENIES Plaintiff's Motion to Exclude the former testimony of Sergeant Abdella.

### III.  CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiff's Motion to Exclude Plaintiff's Former Statements without the advice of Counsel [#185] is DENIED without prejudice and the Court reserves judgment on this Motion pending the development of facts at trial.

IT IS FURTHER ORDERED that Plaintiff's Motion to Exclude Reference to Plaintiff's Prior Lawsuits [#186] is DENIED with prejudice. However, Defendants may not first raise the issue within the presence of the jury.

IT IS FURTHER ORDERED that Plaintiff's Motion to Exclude the Testimony of Deceased Sergeant Abdella [#187] is DENIED.

s/Denise Page Hood
DENISE PAGE HOOD
DATED: November 8, 2019          Chief Judge