UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDUARDO JACOBS,

        Plaintiff,        CASE NO. 15-10516
                                HON. DENISE PAGE HOOD

v.

RAYMON ALAM, *et al.*,

        Defendants.
_____/

## ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION TO EXCLUDE PRIOR LAWSUITS [#186]

### I.    BACKGROUND

This case involves the events that occurred between Defendants and Plaintiff Eduardo Jacobs ("Plaintiff") during the raid at his residence located at 5837 Christiancy Street, Detroit, MI on January 3, 2014. The parties dispute many of the events leading up to Plaintiff's injury. However, it is undisputed that Plaintiff was shot at least one time from one of Defendants' bullets.

On July 27, 2015, Plaintiff filed an amended complaint alleging a *Bivens* Conspiracy Claim (Count I), and Violation of Civil Rights pursuant to 42 U.S.C. § 1983 (Count II). [ECF No. 25] On November 13, 2015, this Court entered an Order Granting Defendants' Motion for Summary Judgment on Count II, and

1

dismissed Count II of the First Amended Complaint. [ECF No. 37] The remaining claims are *Bivens* claims of excessive force, false arrest, malicious prosecution, fabrication of evidence, and civil conspiracy against Defendants.

Plaintiff alleges that the bullet wound he sustained resulted in his permanent inability to work, which caused a series of economic losses related to his rental properties, "Mexicantown Properties, LLC." Plaintiff further contends that his absence from work allowed employees of his company to loot his business assets. Plaintiff also alleges that his permanent disability forced several of his properties into tax foreclosure.

## II. ANALYSIS

### A. Plaintiff's Motion to Exclude Prior Lawsuits

Plaintiff seeks to exclude any reference to Plaintiff's 2009 and 2014 prior lawsuits stemming from his respective automobile accidents. Plaintiff argues that evidence of Plaintiff's prior lawsuits is impermissible character evidence under Federal Rule of Evidence 404(b).

Defendants seek to admit evidence of Plaintiff's lawsuits stemming from his 2009 and 2014 automobile accidents. Defendants argue that these lawsuits establish that Plaintiff is claiming the same injuries and damages in the instant matter. Defendants assert that Plaintiff's 2014 lawsuit was dismissed for fraud and

that evidence of this dismissal relates to Plaintiff's credibility. Plaintiff responds that his 2014 auto-accident lawsuit was denied "based on no coverage."

The Court finds that referring to the 2014 automobile accident dismissal as fraudulent is unfairly prejudicial and the Court declines to relitigate the intricacies of a state court insurance claim. Defendants may only state that the 2014 lawsuit was dismissed.

However, Defendants are permitted to reference Plaintiff's 2009 and 2014 automobile accidents for limited purposes. Defendants may ask if Plaintiff was injured in either accident and what the specific injuries were. Defendants may also ask if Plaintiff filed a previous lawsuit related to either accident; how the previous lawsuits were resolved; and if Plaintiff received any monetary damage awards.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiff's Motion to Exclude Plaintiff's 2009 and 2014 prior lawsuits [#186] is **DENIED** in part and **GRANTED** in part.

DATED: December 23, 2019

s/Denise Page Hood
DENISE PAGE HOOD
Chief United States District Judge