UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDUARDO JACOBS,

        Plaintiff,              CASE NO. 15-10516
                                      HON. DENISE PAGE HOOD

v.

RAYMON ALAM, *et al.*,

        Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO DECLARE WITNESS UNAVAILABLE AND ADMIT TRIAL TESTIMONY [#248] [#259]

This Matter comes before the Court on Plaintiff's Motion and Renewed Motion to Declare Witness Unavailable and Admit Trial Testimony. During trial, Plaintiff sought to admit the criminal trial transcript of Mr. Javier Vargas, Jr. Plaintiff argued that Mr. Vargas was unavailable under Federal Rule of Evidence 804(a)(5). Plaintiff first attempted to admit the testimony, by presenting a Declaration of Plaintiff's private investigator. However, the investigator's only attempts to locate Mr. Vargas occurred via internet searches through the idiCore and Delvepoint databases. [ECF No. 248-2]

At the Court's instruction, Plaintiff requested Mr. Vargas's last known address from Defendants. [ECF No. 248-3] Plaintiff further provided documents detailing his efforts to locate Mr. Vargas at two potential residences. [ECF No.

1

248-4] Plaintiff did locate a Mr. Javier Vargas who signed a Declaration that he was not the witness in question and has never lived at 5837 Christiancy St., Detroit, MI. [ECF No. 248-5; ECF No. 248-6]

Although the Court acknowledges Plaintiff's attempts to establish the unavailability of Mr. Vargas, the Court is not convinced that the burden needed to fulfill unavailability under Rule 804(a)(5) has been met. Plaintiff did make an effort to locate the correct witness, but his efforts came two weeks into trial. Plaintiff relied on Defendants to subpoena and produce Mr. Vargas, who was originally on Defendants' witness list. Plaintiff also had several months to depose and/or attempt to locate Mr. Vargas before trial began.

Mr. Vargas is also not a proper rebuttal witness since his expected testimony was known prior to the civil trial and his testimony about observing Mr. Jacobs walking along the side of the house to enter through the basement door does not fully rebut the officers' testimony that they were surprised by Mr. Jacobs emerging through the door from the basement into the kitchen.

For the reasons set forth above and stated on the record,

IT IS HEREBY ORDERED that Plaintiff's Motion and Renewed Motion to Declare Witness Unavailable and Admit Trial Testimony [#248] [#259] are **DENIED**.

Dated: December 23, 2019

s/Denise Page Hood
DENISE PAGE HOOD
Chief United States District Judge