# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EDUARDO JACOBS,

    Plaintiff,

v.

    Civil Action No. 15-10516

    HONORABLE DENISE PAGE HOOD

WAYNE COUNTY SHERIFF
DEPUTY RAYMON ALAM, et al.,

    Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [#228] AND GRANTING DEFENDANTS' MOTION TO AMEND THE JOINT FINAL PRETRIAL REPORT [#229]

### I. BACKGROUND

This matter is now before the Court on Defendants Raymon Alam and David Weinman (collectively "Defendants") Motion for Reconsideration filed on November 18, 2019. [ECF No. 228] On November 13, 2019, the Court entered an Order Denying Defendants' Motion to Exclude Expert Testimony. [ECF No. 227] For the reasons set forth below, the Court denies Defendants' Motion for Reconsideration of Order Denying Motion to Exclude Expert Testimony.

### II. ANALYSIS

  **A. Standard of Review**

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon are permitted unless the Court orders otherwise. *Id.* at 7.1(h)(2). Defendants' Motion is timely filed.

Local Rule 7.1 further states:

> **(3) Grounds.** Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*Id.* at 7.1(h)(3).

A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (motions under Fed. R. Civ. P. 59(e) "are aimed at *re* consideration, not initial consideration") (citing *FDIC v. World Universal Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

The Court finds that Defendants' motion primarily presents the same issues ruled upon by the Court, either expressly or by reasonable implication. Defendants assert that the expert testimony should not be permitted because of the Court's

Scheduling Order on March 24, 2016,[1] [ECF No. 44] which ended expert witness disclosure on October 2, 2016. However, following instructions from the Sixth Circuit, the case was remanded to this Court. [ECF No. 159] The Court finds that absent instructions from the Sixth Circuit, the decision to allow further evidence upon remand is in "the sound discretion of the trial court." *Skehan v. Board of Trustees of Bloomsburg State College*, 590 F.2d 470, 478 (3d Cir. 1978). The Court relies on its previous ruling and maintains that Defendants had ample notice to prepare for the testimony of Dr. Paranjpe and Mr. Hostetler. As for the amended expert report submitted by Mr. Hostetler on November 5, 2019, the Court finds that his ultimate conclusions were unchanged. However, given new information that he relied upon to amend his report, the Court will allow Defendants to depose Mr. Hostetler about his revisions.

In the interest of equity, the Court will also GRANT Defendants' Motion to Amend the Joint Final Pretrial Report [ECF No. 228], which will allow Defendants to produce their own expert vocational witness, Ms. Jacquelyn Schabacker, to rebut Mr. Hostetler's testimony.

Defendants have failed to demonstrate a palpable defect or clear error in the Court's November 13, 2019 Order. [ECF No. 227]

---

[1] The most recent Scheduling Order referencing Discovery was issued on September 20, 2016 [ECF No. 73] and not March 24, 2016 as Defendants suggest. This Order ended expert discovery on December 2, 2016. The Court issued an Amended Scheduling Order [ECF No. 160] on April 15, 2019, adjourning all Scheduling Order dates by 90 days. Discovery was not mentioned in that Order.

IT IS HEREBY ORDERED that Defendants' Motion for Reconsideration [ECF No. 228] is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Amend the Joint Final Pretrial Report to Include an Expert Vocational Witness [ECF No. 229] is GRANTED.

DATED: December 23, 2019

s/Denise Page Hood
DENISE PAGE HOOD
Chief United States District Judge