UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDUARDO JACOBS,

        Plaintiff,        CASE NO. 15-10516
                                       HON. DENISE PAGE HOOD

v.

RAYMON ALAM, *et al.*,

        Defendants.
_____/


# AMENDED ORDER[1] DENYING PLAINTIFF'S MOTION TO PRECLUDE TESTIMONY OF EXPERTS AND LAY WITNESSES [#206]

## I.    BACKGROUND

This case involves the events that occurred between Defendants and Plaintiff Eduardo Jacobs ("Plaintiff") during the raid at his residence located at 5837 Christiancy Street, Detroit, MI on January 3, 2014. The parties dispute many of the events leading up to Plaintiff's injury. However, it is undisputed that Plaintiff was shot at least one time from one of Defendants' bullets.

On July 27, 2015, Plaintiff filed an amended complaint alleging a *Bivens* Conspiracy Claim (Count I), and Violation of Civil Rights pursuant to 42 U.S.C. §

---

[1] This Order amends the Order issued on November 8, 2019, to reflect the correct spelling of Corporal Rebecca Benton's name.

1

1983 (Count II). [ECF No. 25] On November 13, 2015, this Court entered an Order Granting Defendants' Motion for Summary Judgment on Count II, and dismissed Count II of the First Amended Complaint. [ECF No. 37] The remaining claims are *Bivens* claims of excessive force, false arrest, malicious prosecution, fabrication of evidence, and civil conspiracy against Defendants.

Plaintiff alleges that the bullet wound he sustained resulted in his permanent inability to work, which caused a series of economic losses related to his rental properties, "Mexicantown Properties, LLC." Plaintiff further contends that his absence from work allowed employees of his company to loot his business assets. Plaintiff also alleges that his permanent disability forced several of his properties into tax foreclosure.

## II. ANALYSIS

### A. Plaintiff's Motion to Preclude Expert Witnesses

On October 31, 2019, Plaintiff filed a Motion to Preclude Defendants' expert witnesses, Dr. Craig Lemmen, Dr. Nathan Gross, and Corporal Rebecca Benton. Plaintiff also seeks to preclude several other lay witnesses listed in Defendants' Joint Final Pretrial Report.

Plaintiff argues that Defendants did not properly disclose Drs. Craig Lemmen and Nathan Gross prior to listing them on the Joint Final Pretrial Report. Defendants do not dispute this point and state it was previous counsel's clerical

error. Defendants continue by outlining the various ways Plaintiff was put on notice that Drs. Craig Lemmen and Nathan Gross would be witnesses. Dr. Lemmen examined Plaintiff on September 30, 2016, and subsequently generated a report that was given to Plaintiff. Similarly, Dr. Gross examined Plaintiff on August 22, 2016, and compiled a report that was given to Plaintiff. On December 22, 2016, Defendants sent Plaintiff the previously listed reports, the curriculum vitae for the doctors, and a message saying, "Gentlemen: Attached are the CV's and IME reports for Dr. Craig Lemmen and Dr. Nathan Gross who the defendant may call at the time of trial on this matter." Accordingly, the Court DENIES Plaintiff's Motion to Exclude the testimony of Drs. Craig Lemmen and Nathan Gross.

Plaintiff also seeks to exclude the testimony of Corporal Benton because she has not filed an expert report. However, Defendants did disclose Corporal Benton as a firearms expert on May 27, 2016. [ECF No. 45] Although Corporal Benton has not disclosed an expert report, Defendants argue that she is only a rebuttal witness and will only be necessary to rebut Plaintiff's lay testimony. Defendants argue that Plaintiff is actually testifying about the inner-workings of his personal firearm. Defendants further claim that Plaintiff's testimony is a statement of knowledge of an "expert" nature, and they require an expert to rebut his testimony. Since Plaintiff is not an expert on firearms and did not disclose an expert report,

Defendants state that as the rationale for not disclosing a report. The Court DENIES without prejudice Plaintiff's Motion to Exclude the Testimony of Corporal Benton pending the substance and extent of Plaintiff's testimony regarding his firearm.

### B. Plaintiff's Motion to Preclude Lay Witnesses

On April 24, 2019, Plaintiff filed a lay witness list. Apart from the Joint Final Pretrial Report, Defendants' only witness list was filed on February 12, 2016. Plaintiff seeks to exclude testimony of Defendants' new witnesses not named prior to the Joint Final Pretrial Report. Plaintiff argues that failing to disclose lay witnesses until the Joint Final Pretrial Report satisfies the five elements the Sixth Circuit uses to determine whether a party's late disclosures are harmless. *See Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015). The five factors are: (1) surprise to the party against whom the evidence would be offered; (2) ability of that party to cure the surprise; (3) extent to which allowing the evidence would disrupt trial; (4) the importance of the evidence; and (5) explanation of nondisclosing party for its failure to disclose the evidence. *Id.*

The Court finds that the *Howe* criteria for excluding witnesses has not been met for all witnesses in this case. Although Defendants' complete witness list was not filed until their Joint Final Pretrial Report, Defendants' witnesses include many who are listed on Plaintiff's preliminary and final witness lists. Plaintiff had

"sufficient knowledge" of the evidence Defendants intend to present. *Heriot v. 591182 Ontario Ltd.*, No. 09-14783, 2010 WL 3633869, at *3 (E.D. Mich. Sept. 14, 2010) (citing *Sommer v. Davis*, 317 F.3d 686, 691 (6th Cir. 2003)). Defendants assert that the "vast majority of individuals on the 'list' were actually disclosed by Plaintiff and medically treated him." [ECF No. 210, Pg.ID 6424] There is also nothing in the record to establish Defendants' failure to provide the proper witness lists was an attempt to work an unfair surprise against Plaintiff. And a failure to file a preliminary witness list when many of the witnesses are well-known to the opposing parties is not basis for the extreme remedy of barring all witnesses.

The Court finds that because all of these individuals and records were disclosed throughout the discovery process Plaintiff was sufficiently put on notice. The Court DENIES without prejudice Plaintiff's Motion to Exclude New Witnesses from the Joint Final Pretrial Report. To the extent Plaintiff can identify a physician that did not treat Plaintiff or a record that was not disclosed during discovery, Plaintiff may request exclusion at trial. The Court also finds that all records custodians that may be needed to authenticate records that were properly disclosed and requested during discovery are permitted.

### III.  CONCLUSION

For the reasons set forth above,

5

IT IS HEREBY ORDERED that Plaintiff's Motion to Exclude Expert Witnesses, Drs. Craig Lemmen and Nathan Gross [ECF No. 206] is DENIED and Plaintiff's Motion to Exclude Expert Witness Corporal Benton is DENIED without prejudice pending Plaintiff's testimony about his firearm at trial.

IT IS FURTHER ORDERED that Plaintiff's Motion to Exclude Lay Witnesses on the Joint Final Pretrial Report [ECF No. 206] is DENIED without prejudice.

Dated:  December 23, 2019                    s/Denise Page Hood
                                             DENISE PAGE HOOD
                                             Chief United States District Judge