# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EDUARDO JACOBS,

    Plaintiff,

-v-

WAYNE COUNTY SHERIFF
DEPUTY RAYMON ALAM, et al.,

    Defendants.

Case No. 2:15-cv-10516

Chief Judge Denise Page Hood

M.J. Stephanie Dawkins Davis

---

## RESPONSE TO PLAINTIFF EDUARDO JACOBS' MOTION FOR NEW TRIAL BY DEFENDANTS RAYMON ALAM AND DAVID WEINMAN

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Did the Court err by refusing to declare Javier Vargas, Jr. "unavailable?"

2. Did certain of defense counsel's remarks during closing arguments deprive Plaintiff of a fair trial?

3. Did the Court err in its rulings concerning Mary Gross?

4. Did the Court err by precluding Plaintiff's proposed expert rebuttal witness?

5. Has the Plaintiff met his burden to demonstrate sufficient "cumulative error" to justify a new trial?

# CONTROLLING OR MOST APPLICABLE AUTHORITY

*Benedict v. United States*, 822 F.2d 1426 (6th Cir. 1987).

*Getsy v. Mitchell*, 495 F.3d 295 (6th Cir. 2007) (en banc).

*Reich v. City of Elizabethtown*, – F.3d –, 2019 U.S. App. LEXIS 37712 (6th Cir. 2019).

*United States v. Barlow,* 693 F.2d 954 (6th Cir. 1982).

*United States v. Warman*, 578 F.3d 320, 349 (6th Cir. 2009).

Fed. R. Civ. P. 59.

Fed. R. Evid. 804.

Fed. R. Evid. 807.

## INTRODUCTION

After a three-week trial, the jury rendered its verdict in favor of Defendants Corporal Raymon Alam and Corporal David Weinman (collectively "Defendants") and Defendant Damon Kimbrough on Plaintiff Eduardo Jacobs' ("Plaintiff") claims under *Bivens* of excessive force, false arrest, malicious prosecution, fabrication of evidence, and conspiracy. Now proceeding *pro se*, Plaintiff claims that he is entitled to a new trial under Fed. R. Civ. P. 59 – essentially seeking reconsideration of arguments the Court has already considered and decided. Because the Court correctly resolved the legal issues presented by the present motion, and did not abuse its discretion, Plaintiff is not entitled to a new trial.

## STANDARD OF REVIEW

Rule 59(a)(1)(A) of the Federal Rules of Civil Procedure states that "[t]he court may, on motion, grant a new trial on all or some of the issues – and to any party – as follows: after a jury trial, for any reason for which a new trial has heretofore been granted in an action of law[.]" "A new trial is appropriate when the jury reaches a seriously erroneous result as evidenced by (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." *Sublett v. Brown*, No. 16-6787, 2018 U.S. App.

1

LEXIS 5576, *10 (6th Cir. Mar. 2, 2018) (unpublished) (citations and quotation marks omitted).

Here, Plaintiff does not contend that the verdict was against the weight of the evidence.  Plaintiff only contends that certain evidentiary rulings rendered the trial "unfair."  As explained below, the Court did not err or otherwise abuse its discretion in: (1) refusing to declare Javier Vargas, Jr. "unavailable"; (2) resolving Plaintiff's objections to defense counsel's closing argument; (3) its rulings concerning Mary Gross; and (4) refusing to permit Mr. William Cousins to testify as a "rebuttal" expert.

## ARGUMENT

**A.     The Court Correctly Precluded the Prior Criminal Trial Testimony of Javier Vargas, Jr.**

To the extent that Plaintiff seeks reconsideration of the Court's decisions (ECF No. 271, 12/23/19 Order) regarding the prior criminal case testimony of Javier Vargas, Jr. where it denied his requests: (1) to find that he had satisfied the elements of Rule 804(a)(5); (2) to admit the testimony under Rule 807; and (3) to admit the testimony as "rebuttal" testimony, Plaintiff has not demonstrated any error that would justify a new trial.

2

1. The Court Has Already Determined that Plaintiff Failed to Establish That Javier Vargas, Jr. Was "Unavailable" for Trial.

To the extent that Plaintiff re-argues that his counsel's efforts to locate were sufficient under Rule 804(a)(5), the Court has already rejected these arguments. (ECF No. 271, 12/23/19 Order). In the alternative, Defendants incorporate and restate their prior position that even if Vargas, Jr. were unavailable under Rule 801(a)(5), Plaintiff failed to satisfy the requirements of Rule 804(b)(1) in this case. (ECF Nos. 249 & 250).

2. Rule 807 Does Not Permit the Introduction of Prior Testimony.

The residual hearsay exception in Rule 807 as applied to former sworn testimony cannot be used as a means to avoid calling live, available witnesses. *See United States v. Barlow,* 693 F.2d 954, 961 (6th Cir. 1982) (recognizing that invoking Rule 807 to permit prior sworn testimony first requires that a witness be "unavailable"); *United States v. Turner,* 561 F. App'x 312, 321 (5th Cir. 2014) (unpublished) ("Turner cannot rely on Rule 807's residual exception to do an end run around Rule 804(b)(1)'s requirement that the witness be unavailable, particularly where she has made no attempt to show that Ubani is unavailable"); *United States v. Hsia*, 87 F. Supp. 2d 10, 16 (D.D.C. 2000) ("For an out-of-court statement of a declarant to come in under Rule 807, the proponent of the testimony

3

must demonstrate (1) that the declarant is unavailable, (2) that it has made reasonable efforts to make the declarant available for trial . . .").

Plaintiff also failed to comply with Rule 807(b) which required that "before the trial or hearing, the proponent gives an adverse party reasonable notice of intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair chance to meet it." Plaintiff did not provide any notice until well into trial of any intent to seek introduction of Vargas, Jr.'s prior testimony in lieu of calling him a witness. *See, e.g., United States v. Bachsian*, 679 F.3d 1131, 1142 (9th Cir. 2012) (holding that compliance with Rule 807(b) is mandatory unless for some reason the requirement should be excused).

    3.    <u>The Testimony of Javier Vargas, Jr. Is Not Proper "Rebuttal."</u>

The Sixth Circuit has instructed that a plaintiff's rebuttal witness is appropriate only to rebut evidence that was introduced in a defendant's case-in-chief. *See Benedict v. United States*, 822 F.2d 1426, 1428-29 (6th Cir. 1987). Plaintiff claims that Vargas, Jr.'s former testimony should have been introduced to "rebut" the testimony of Sergeant Joseph Abdella, Lieutenant Andrew Guntzviller, and Sergeant Lance Sullivan – all of whom testified regarding their meeting with Plaintiff at the Detroit Detention Center hours after the incident. The Court did not err by refusing Plaintiff's request.

4

First, even before this testimony could be considered "rebuttal," it would have to be admissible under Rule 804 as the testimony of an "unavailable" witness. As explained above, Plaintiff failed to comply with Rule 804.

Second, as the Court held, Vargas, Jr.'s testimony about Plaintiff's entry into the residence or the events of the shooting does not "rebut" the testimony of the DPD officers. (ECF No. 271, 12/23/19 Order). Sergeant Abdella and Sergeant Sullivan testified regarding Plaintiff's unsolicited statements hours after the incident to police officers not involved in the incident. Vargas, Jr.'s testimony was as an eyewitness to the events. Vargas, Jr. was not present at the Detroit Detention Center and did not and could not testify regarding any interactions between the Detroit police officers and Plaintiff. The Court correctly refused to permit the introduction of Vargas Jr.'s prior trial testimony in rebuttal.

### B. Closing Arguments Did Not Render the Trial Fundamentally "Unfair" to Plaintiff.

Plaintiff contends that counsel for Defendants made improper remarks to the jury during closing arguments concerning: (1) what Vargas, Jr. "would have" testified to; and (2) what materials the prosecutor considered before bringing charges. Plaintiff fails to acknowledge that the Court specifically instructed the jury that arguments of counsel are not "evidence." Plaintiff also fails to acknowledge the fact that his counsel had an opportunity for rebuttal.

5

Defendants incorporate herein the arguments they made at trial on these points. Defendants further concur and join in Kimbrough's arguments on these points: (1) that the fact that Corporal Alam shielded Michelle Dotson and Vargas, Jr. was corroborated by other testimony; (2) that defense witnesses specifically testified regarding what evidence was submitted to the prosecutor in support of a warrant; (3) that at no time did defense counsel insinuate to the jury what Vargas, Jr. said or would have said; and (4) these statements, even if improper, did "likely change" the outcome of the trial. Finally, Defendants state that any comments during closing regarding the prosecution related to the fact that Plaintiff failed to carry his burden on his malicious prosecution claim. By failing to introduce any evidence regarding what information was submitted to the prosecutor, and what information the prosecutor relied upon to bring charges, Plaintiff could not prove a malicious prosecution claim – which requires that intentionally false information be submitted to a prosecutor and that the prosecutor relies upon that intentionally false information. *See Darrah v. City of Oak Park*, 255 F.3d 301, 312 (6th Cir. 2001) (recognizing that a malicious prosecution claim fails as a matter of law if regardless of any allegations of intentionally false statements, probable cause nevertheless existed based on other information). Because the jury did not find Plaintiff's version of events to be credible, it follows that he could not establish that the special deputies' accounts of the events were intentionally false.

C. **The Court Correctly Ruled that Conversations Between Mary Gross and Defendants' Counsel Were Protected by the Attorney Client and/or Work Product Privileges.**

During trial, Plaintiff's counsel attempted to question former Detroit Police Department employee Mary Gross about the substance of any conversations between her and counsel for Kimbrough (Mr. Gregory Paddison) and counsel (Mr. Paul O'Neill) for Defendants. Defendants objected to this line of questioning at trial based on attorney-client and work product doctrines. After the Court made a record of Ms Gross' testimony on her conversations with counsel (ECF No. 277-5, Trial Tr. at 62-68), and the parties presented their positions on the matter,[1] the Court excluded any questioning of Ms. Gross about the substance of conversations with counsel. (ECF No. 277-6, Trial Tr. at 5-6). However, the Court did permit Plaintiff's counsel to inquire as to whether conversations between Ms. Gross and counsel occurred and when they occurred. And Plaintiff's counsel extensively did so. (*See, e.g.*, *id*. at 21-24, 29-30).

Plaintiff repeats his trial arguments that neither the attorney-client privilege nor the work product doctrines protect the "substance" of the conversations between Kimbrough's counsel and Ms. Gross because neither applies, as a matter of law, to "former employees" of an organization. Although the Sixth Circuit has

---

[1] Plaintiff does not appear to have included the portion of the transcript where oral arguments were made on these issues. The undersigned believes that those arguments were made on the morning of November 19, 2019.

7

not yet weighed in on the issue, the majority of federal courts have concluded that the attorney-client privilege attaches to discussions between an entity's counsel and a former employee if the discussion related to information obtained during the course of the former employee's employment. *See, e.g., Weber v. Fujifilm Medical Systems, U.S.A.*, No. 10-401, 2011 U.S. Dist. LEXIS 82340, *25-26 (D. Conn. July 27, 2011) (unpublished) (collecting authority); *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996) (holding that the attorney-client privilege extends to former employees); *In re Allen*, 106 F.3d 582, 606 (4th Cir. 1997); *see also Upjohn v. United States*, 449 U.S. 383, 403 (1981) (Burger, J., concurring) ("A communication is privileged when, as here, an employee or former employee speaks at the direction of the management with an attorney regarding conduct or proposed conduct within the scope of employment).

Because any discussions between defense counsel and Ms. Gross concerned matters within the scope of her employment – i.e., crime scene investigation of the January 3, 2014 incident – discussions with counsel are protected by the attorney-client privilege. For impeachment purposes, Plaintiff's counsel had an opportunity to question Ms. Gross about having discussions with defense counsel and argue that fact before the jury.

**D.     The Court Correctly Precluded the Proposed "Rebuttal" Witness.**

Before trial began, the Court struck Plaintiff's proposed "law enforcement" expert William Cousins on the basis that his testimony would not assist the trier of fact in determining any fact at issue and would possibly mislead or confuse the jury. (ECF No. 217, 11/8/19 Order at 10). Despite this ruling, and the Court's sequestration order, Mr. Cousins attended trial during the testimony of Defendants. After the close of Defendants' proofs, Plaintiff sought to re-introduce Mr. Cousins as a "rebuttal expert." The Court denied this request. In his motion, it does not appear that Plaintiff included the portion of the trial transcript documenting the Court's ruling at trial on the issue.

Plaintiff now re-argues that the Court's decision to preclude Mr. Cousins as a "rebuttal expert" was erroneous, contending that he would have rebutted: (1) Defendants' testimony that it was their normal protocol to conduct fugitive apprehension for the U.S. Marshals Service in plainclothes (with their badges prominently displayed); and (2) Corporal Weinman's testimony regarding the fact that he did not stop Plaintiff before he entered the residence.

First, Defendants incorporate here by reference their prior arguments made in the limine motions concerning Mr. Cousins. (ECF Nos. 177 & 205).

Second, the Court already held that any testimony from Mr. Cousins regarding what may have happened the night of January 3, 2014, if the special deputies had been wearing some kind of uniform would have been entirely

9

speculative and would not have assisted the jury. In light of the testimony adduced at trial, the Court's ruling was further supported. Corporal Alam testified that all fugitive apprehension missions performed by the U.S. Marshals Service were done not in uniform – and Plaintiff offered no testimony from any former or current U.S. Marshal to the contrary. Whether or not Kimbrough was wearing some type of formal uniform has no bearing on Plaintiff's version of events and would not have altered the course of history – as Plaintiff himself testified that as soon as he arrived at the top of the basement stairs he was immediately shot.

Third, Mr. Cousins' proposed testimony that Corporal Weinman violated "procedure" by not detaining Plaintiff is not relevant to any claim in the case. The Court already dismissed any "failure to protect" claim. Whether or not Corporal Weinman took any particular action towards Plaintiff has nothing to do with claims that the special deputies used "excessive force" or conspired to fabricate evidence to bring false charges against him. The Sixth Circuit recently again rejected a party's argument that an officer can be liable for creating the "circumstances" that allegedly led to the use of excessive force:

> Our precedents further refine our view by requiring that we analyze excessive force claims in segments. This approach requires us to evaluate the use of force by focusing "on the 'split-second judgment' made immediately before the officer used allegedly excessive force," not on the poor planning or bad tactics that might have "created the circumstances" that led to the use of force.

10

> We thus need not engage Reich's argument that the officers created the need to use deadly force by pursuing and initiating contact with Blough despite his mental illness. Even were we to consider that argument, Supreme Court precedent suggests that it should not change our answer.

*Reich v. City of Elizabethtown*, – F.3d –, 2019 U.S. App. LEXIS 37712, *16 (6th Cir. 2019) (internal citations omitted).

Finally, Mr. Cousins' testimony would not have been proper "rebuttal" testimony – i.e., his testimony is not relevant to rebut anything raised in Defendants' case-in-chief. All testimony regarding: (1) what the special deputies were wearing and why; and (2) what Corporal Weinman did and why occurred during Plaintiff's case-in-chief.

### E. Plaintiff Has Not Demonstrated Entitlement to a New Trial Based on a Theory of "Cumulative Error."

To demonstrate entitlement to a new trial based on "cumulative error," the Sixth Circuit has instructed that the "combined effect of individually harmless errors was so prejudicial as to render his trial fundamentally unfair." *United States v. Warman*, 578 F.3d 320, 349 (6th Cir. 2009). If there were no errors, then a claim of cumulative error fails as a matter of law. *See Getsy v. Mitchell*, 495 F.3d 295, 317 (6th Cir. 2007) (en banc). As explained above, because Plaintiff has failed to identify any errors in the Court's rulings, he cannot establish a right t a new trial based on "cumulative error." Furthermore, to the extent any individual

11

error may exist (and they do not), no combination of those errors deprived Plaintiff of a right to a fair trial.

**F.     Defendants Concur and Join in the Arguments Made by co-Defendant Damon Kimbrough.**

To the extent that co-Defendant Damon Kimbrough makes any additional applicable arguments on the points raised by Plaintiff's motion, Defendants concur and join in those as well.

## CONCLUSION

For the foregoing reasons, and for those stated by Defendant Damon Kimbrough, Defendants respectfully request that the Court deny Plaintiff's motion for a new trial.

Dated: January 15, 2020					Respectfully submitted,

				By: /s/*Davidde A. Stella*
				Davidde A. Stella (P69948)
				Paul T. O'Neill (P57293)
				Assistant Corporation Counsel
				James W. Heath
				Wayne County Corporation Counsel
				500 Griswold St., 30th Floor
				Detroit MI 48226
				(313) 224-5030
				dstella@waynecounty.com

				*Attorneys for Raymon Alam & David Weinman*

13

## CERTIFICATE OF SERVICE

I hereby certify that on, January 15, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. I further certify that I have mailed the foregoing document by First-Class Mail, postage prepaid, to the following non-CM/ECF participants: **EDUARDO JACOBS, 7864 MELVILLE, DETROIT, MI 48209.**

/s/*Rhonda L. Ross*
Rhonda L. Ross, Paralegal
Wayne County Corporation Counsel
500 Griswold, 30th Floor
Detroit, MI 48226
rross@waynecounty.com
313.967.0044