# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EDUARDO JACOBS,

    Plaintiff,

v.

WAYNE COUNTY SHERIFF
DEPUTY RAYMON ALAM, et al.,

    Defendants.

_____/

Civil Action No. 15-10516

HONORABLE DENISE PAGE HOOD

## ORDER DENYING PLAINTIFF'S MOTIONS TO CHANGE VENUE [#276] [#280] [#287]

This matter is before the Court on Plaintiff Eduardo Jacobs' ("Jacobs") Motions to Change Venue[1] [ECF No. 276; ECF No. 280; ECF No. 287] filed on January 2, 2020 and January 21, 2020. On December 3, 2019, the Court entered a jury verdict in favor of Defendants Raymon Alam, Damon Kimbrough, and David Weinman. [ECF No. 262] On December 31, 2019, Jacobs timely filed a Motion for a New Trial through his attorneys Norman Yatooma, Kassem Dakhlallah, and Mohamed Nehme.[2] [ECF No. 277]

---

[1] Jacobs' Motion does not explicitly request a specific venue, rather it includes the address of a pretrial services department in Los Angeles, California. [ECF No. 280]
[2] Jacobs is currently proceeding *pro se*.

1

It is within the broad discretion of the trial court to transfer an action under § 1404(a). Generally, such a transfer is ordered to avoid delay, protect parties and witnesses, to avoid undue expense and inconvenience. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); *Norwood v. Kirkpatrick*, 349 U.S. 29, 35 (1955). A plaintiff's choice of forum must be given weight in the decision to transfer venue, but is not dispositive. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 413 (6th Cir.1998).

Several factors are relevant to the determination of whether a case should be transferred under § 1404(a):

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*Kepler v. ITT Sheraton Corp.*, 860 F.Supp. 393, 398 (E.D. Mich. 1994).

Jacobs provides no compelling reasons why the case should be transferred to another district. All of the events involved in the case took place in the Eastern District of Michigan and the important witnesses live in this district. The case has concluded and only post-trial motions and appeals remain. At this stage, unnecessary delay would not be avoided but caused by a transfer. The Court finds that there are no compelling reasons that would necessitate a change in venue,

especially at this stage in the case. Jacobs' Motions to Change Venue are **DENIED**.

For the reasons set forth above,

IT IS HEREBY ORDERED that Jacobs Motions to Change Venue [#276] [#280] [#287] are **DENIED**.

DATED: February 11, 2020

s/Denise Page Hood
DENISE PAGE HOOD
Chief Judge